Day, C. J.
The action in the court below was for the recovery of a section of land. Both parties claim title under Gen. St. Clair. The plaintiff in the action, as devisee of Gen. O’Harra, claimed title from St. Clair under a “ presumptive grant,” and by a collector’s ■deed to O’Harra on a sale of the land for taxes. The defendants claimed title by deed from the heirs of St. Clair. They claim that the tax deed is void, and that the presumption of a grant is rebutted, because all the facts from which such a presumption can ¡arise are referable to the actual grant under the tax sale.
It is conceded that the tax deed is void, for irregularities in the sale under which it was made. But it is claimed that the defendants are estopped from insisting upon the invalidity of the deed.
The arrangement by which O’Harra obtained the deed was entered into with St. Clair after the defective sale for taxes was *253 made, and before the deed was executed. On the question of the' estoppel, the court charged the jury:
“ That if St. Clair knew of the said objection to said tax sale, and-so knowing it, induced O’Harra to advance the money due on account thereof — O’Harra being ignorant of such objection — and to> take the deed to himself therefor, with the view to become the' owner of such lands through and by such tax deed, St. Clair and. all claiming under him were estopped from insisting upon such-objection to said deed ; but if St. Clair was ignorant of such objection, and made such arrangement with O’Harra to advance sucb money and receive such conveyance, or if O’Harra was aware of such objection as well as St. Clair, no such estoppel would arise;. . . . .' . that the jury must further find such agreement 253] *or arrangements to have been made between St. Clair and O’Harra; and that if St. Clair was ignorant of such objection, to estop Mm would require the jury to find that such ignorance on his-part existed from his gross neglect.”
. The clear implication of the last clause of the charge is that if St. Clair’s ignorance of the defects in the tax sale existed from his-gross neglect or want of slight diligence to be informed thereof, he would be estopped from insisting on the objection to the deed.
The jury might, then, fairly understand the charge, when taken together, to be that the estoppel claimed arises if St. Clair, by the exercise of slight diligence, might have known the defect in the tax sale, the same as it would had he known it in fact, and concealed it from O’Harra.
In the entire absence of proof of any diligence whatever on the-part of St. Clair, to be informed of the correctness of the proceedings in the tax sale, the jury, with this understanding of the law, might readily find that his ignorance “ existed from his gross neglect,” and that he would, therefore, be estopped from insisting upon the objection to the deed, whether he was ignorant of it or not,, when he made the arrangement with O’Harra.
This would be carrying the doctrine of estoppel in pais, as a muniment of title in real estate, to an extent not warranted by the authorities, nor by the principles upon which it is founded... The rule-adopted in the charge requires no vigilance on the part of O’Harra, as the purchaser of the estate, nor that the seller should do or say anything to deceive the buyer. “Without any duty resting upon St. Clair, more than upon O’Harra, to be informed about the valid *254 ity of the tax sale, his failure to exercise some diligence to be informed about it, without requiring any diligence on the part of O’Harra, is, alone, made a fraud equivalent to the willful concealment of the fact if it had been known.
The same principle, applied to any case where knowledge is a material ingredient of fraud, would so modify the rule that a part}' will be held to know what he might know by the exercise of some' degree of diligence; and the question would *be, not whether [254 he knowingly mistakes or conceals a fact, but whether he would do' so if properly informed.
Under the charge in question, the jury were warranted in finding for the plaintiff below, although they found St. Clair entirely ignorant of any defect in the tax sale, and that he was actuated by the utmost good faith in the transaction, if they further found that he exercised no diligence to be correctly informed on the subject.
We see nothing in this case to take it out of the rule laid down in McAfferty v. Conover’s Lessee, 7 Ohio St. 99 : “ To work an estoppel in pais, and forfeit title, the acts and declarations of the owner must, in general, be willful; that is, with knowledge of his rights, or with intention to deceive the other party.”
Moreover, there does not appear to have been anything said by St. Clair that was not true, or anything done by him to mislead the other party. The defect in the tax sale was unknown to him, and OHarra was in no way deceived, in that respect, by him. The defect was a matter of public record, open and ascertainable to each of them equally. No special confidence, as to the validity of the tax sale, was reposed by OHarra in St. Clair. It was no more the duty of the one than the other to be vigilant to ascertain about the validity of the sale. If the transaction was a sale of real estate, it ,was as much the duty of the purchaser as of the seller, to beware of defects in the title. Their mutual ignorance of the invalidity of the tax sale no more affected the conscience of one than the other; and it maybe more unconscionable to enforce the invalid tax sale against one party, than it would be against the other to set it aside, and leave the parties to their rights, as they would then exist. That depends upon other matters not taken into the account in the part of the charge under consideration.
The charge, in the particular referred to, was, at least, calculated to mislead the jury, in a matter material to the case; and, upon the construction of which it was fairly susceptible, it was clearly erro *255 noons. For this reason, the cause must bo reversed, and the cause remanded for another trial.
255] *As to the other questions raised in the case, we express no opinion, for the reason that, upon the re-trial of the case, they may come up in a form so far modified by the facts as to make their present determination of little utility to the parties.
Brinkerhoff, Scott, and White, JJ., concurred.
Welch, J., did not sit in the case.